IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

ANTHONY EARL BRUNT,

    Plaintiff,

v.  No. 1:09-cv-1231

THE CITY OF LEXINGTON,
TENNESSEE and CITY OF LEXINGTON,
TENNESSEE WATER SYSTEM

    Defendants.

---

**ORDER DENYING THE CITY OF LEXINGTON, TENNESSEE'S MOTION FOR SUMMARY JUDGMENT**

---

Before the Court is the motion for summary judgment,[1] pursuant to Rule 56 of the Federal Rules of Civil Procedure, filed by Defendant, the City of Lexington, Tennessee ("the City").[2] (Docket Entry ("D.E.") 14.) The Plaintiff, Anthony Earl Brunt, has responded to the motion (D.E. 18), and it is appropriate for disposition.

Rule 56 provides in pertinent part that a ". . . judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c)(2); *see* Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); Canderm Pharmacal, Ltd. v. Elder Pharm., Inc., 862 F.2d 597, 601 (6th

---

[1] Although the motion is styled as one for "partial" summary judgment, the City of Lexington seeks dismissal of all claims against it, so the Court will not refer to the motion as one for only partial relief.

[2] In the motion, both the City and Co-Defendant, the City of Lexington, Tennessee Water System ("LWS") also sought dismissal of Brunt's claim under the Tennessee Human Rights Act ("THRA"), arguing that such a cause of action is barred by the applicable statute of limitations. (D.E. 14, MSJ, pp. 2-3.) That part of the motion is moot, however, as the parties have stipulated to a dismissal of the THRA claim. (D.E. 17.) The City alone "seeks summary judgment that [sic] Plaintiff has failed to state a claim against it." (D.E. 14, MSJ, p. 1.)

Cir. 1988). "A fact is 'material' and precludes grant of summary judgment if proof of that fact would have the effect of establishing or refuting one of [the] essential elements of a cause of action or defense asserted by the parties, and would necessarily affect application of [an] appropriate principle of law to the rights and obligations of the parties." Midwest Media Prop., LLC v. Symmes Twp, Ohio, 503 F.3d 456, 469 (6th Cir. 2007) (quoting Kendall v. Hoover Co., 751 F.2d 171, 174 (6th Cir. 1984)). A fact may not be material even if true. Griffin v. Hardrick, 604 F.3d 949, 956 (6th Cir. 2010).

On a Rule 56 motion, "[t]he district court must construe the evidence and draw all reasonable inferences in favor of the nonmoving party." American Civil Liberties Union of Ky. v. Grayson County, Ky., 591 F.3d 837, 843 (6th Cir. 2010), *reh'g denied*, 605 F.3d 426 (6th Cir. 2010) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)). However, at the summary judgment stage, the nonmoving party must present some "specific facts showing that there is a genuine issue for trial." Celotex, 477 U.S. at 324. "Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Celotex, 477 U.S. at 324 (internal quotation marks omitted). Faced with a properly supported Rule 56 motion, a plaintiff cannot succeed "without any significant probative evidence tending to support the complaint." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)) (citation and internal quotation marks omitted). "The central issue is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " Kentucky Speedway, LLC v. Nat'l Ass'n of Stock Car Auto Racing, Inc., 588 F.3d 908, 915 (6th Cir. 2009), *reh'g & reh'g en banc denied*

(Feb. 18, 2010) (quoting Liberty Lobby, 477 U.S.at 251-52). "Determining credibility, weighing evidence, and drawing reasonable inferences are left to the trier of fact." Climer v. Dillenbeck, No. 08-11074, 2009 WL 270153, at *3 (E.D. Mich. Feb. 3, 2009) (citing Liberty Lobby, 477 U.S. at 255).

The only issue currently before the Court is whether the City and LWS are distinct legal entities. The parties agree that Plaintiff worked for LWS, but he contends that because LWS is a department of the City of Lexington, he was also an employee of the City. (D.E. 18, Response to MSJ, pp. 2-5.) The City argues that the two entities are legally distinct, and "because LWS and not the City of Lexington was Plaintiff's employer, Plaintiff has failed to state a claim against the City." (D.E. 14-2, MSJ, p. 4.) In support of this position, the City avers the following:

A.  Although the City owns LWS, it is not a subdivision of the City. (Id. at p. 3.)

B.  LWS receives no money from the City, has a separate board of directors[3] and attorney, and pays its employees from a bank account that is separate from the City's payroll account. (Id.)

C.  LWS does not pay taxes to the city, but instead "makes payments in lieu of taxes that could otherwise be legally imposed on LWS." (Id.)

D.  LWS's revenue stays with it, and does not get transferred to the City. (Id. at p. 4.)

E.  Plaintiff worked for LWS, not the City. His paycheck was issued from LWS's bank account, and he "performed services that were solely for the benefit of LWS." (Id.)

To support its arguments, the City attaches affidavits from the Mayor of the City of Lexington—Bobby Dyer—and the General Manager of LWS—Michael Harper. However, it cites no case law or statutory authority to bolster its contention that LWS is a separate legal entity.

In response, Plaintiff relies upon Keeble v. Loudon Utilities, 370 S.W.2d 531 (Tenn. 1963) for the proposition that

---

[3] The City admits that LWS's board of directors is constituted by the City of Lexington aldermen, although it avers that when they meet in their capacity as LWS board members, they do not discuss City business. (D.E 14, MSJ, p. 3 n.2.)

3

> [u]tilities that are incorporated and operate under the "Power District Law," as provided for in Tenn. Code Ann. § 7-82-101 *et seq.*, are separate legal entities; utilities that operate under a municipal charter of a city, as provided for in Tenn. Code Ann. § 7-35-401 *et seq.* and Tenn. Code Ann. § 7-52-101 *et seq.*, are not separate legal entities apart from that city.

(D.E. 18, Response to MSJ, p. 2.) Therefore, because LWS was established pursuant to Tenn. Code Ann. § 7-35-401 *et seq.*, Brunt contends that it cannot be a separate legal entity from the City. (Id.) However, Plaintiff's reading of Keeble is only partially accurate. The court in Keeble did note that an entity created under the Power District Law "is a separate entity with power to sue and be sued," Keeble, 370 S.W.2d at 533, and it also held the particular *electric* utility at issue—which was organized under Tenn. Code Ann. § 7-52-101 *et seq.* ("The Municipal Electric Plant Law of 1935")—was not a legally separate entity from the City of Loudon.[4] Keeble, 370 S.W.2d at 534. However, Keeble was silent as to whether municipal *water* utilities are legally separate from the municipality that owns/operates them, because it did not confront that issue. Thus, the mere fact that LWS was not created pursuant to the Power District Law does not mean, *ipso facto*, that it is legally indistinguishable from the City, as Brunt contends.

Nevertheless, the Plaintiff has raised several issues that create genuine issues of fact, such that the City has not convinced the Court that it is entitled to the relief it seeks. First, as Brunt correctly asserts, the City's charter and the laws under which LWS is organized specify that the City owns and operates LWS—a fact the City does not deny. (D.E. 18, Response to MSJ, p. 3; D.E. 14-2, MSJ, p. 3.) Second, Brunt maintains that LWS operates under the direction of the Mayor of Lexington, Bobby Dyer, which Dyer denies. (D.E. 18, Response to MSJ, pp. 2-3; D.E.

---

[4]   Plaintiff also has attached three advisory opinions issued by the Tennessee Attorney General that reiterate this part of the Keeble decision. 2005 Tenn. AG LEXIS 7; 1998 Tenn. AG LEXIS 129; 1983 Tenn. AG LEXIS 93. However, LWS, because it is not involved in the generation or provision of electrical services, is not organized under, or in any way involved with, the Municipal Electric Plant Law of 1935. Even assuming Plaintiff is correct in asserting that Keeble and its progeny stand for the proposition that electric utilities organized under the Municipal Electric Plant Law of 1935 are not separate legal entities from the municipality that owns them, such an interpretation does not dictate that municipal *water* utilities be treated comparably.

14-1, Dyer Affidavit, ¶ 4.) Third, Plaintiff has provided the Court with copies of several documents from the City of Lexington relating to his employment—such as correspondence on City letterhead and various documents notifying him that as a City employee, he needed to familiarize himself with the City's Personnel Policy—which together indicate that the City considered him to be its employee. (D.E. 18-1, Personnel Documents, pp. 5-27.) And finally, although Plaintiff's citations to legal authority do not necessarily mandate the conclusion that LWS is a department of the City, the Defendant has not pointed to any law indicating that the converse is true. Thus, based on the proof currently before the Court, the City has not established that there are no genuine issues as to the material facts; indeed, the question of whether LWS and the City are separate entities seems to be a factual matter very much in dispute. Therefore, the City, as the moving party, has not carried its burden of demonstrating to the Court that it is entitled to judgment as a matter of law, so this part of the motion is **DENIED**. *See* Liberty Lobby, 477 U.S. at 251-52 (the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law").

      **IT IS SO ORDERED** this, the 1st day of July, 2010.

                                            s/ J. DANIEL BREEN
                                            UNITED STATES DISTRICT JUDGE